ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SEAN EDWARD PAULIN, ) | |
| ) | CASE NO. 1:21CR706 |
| Petitioner, ) | 1:23CV452 |
| ) | |
| v. ) | |
| ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, ) | |
| ) | **ORDER** |
| Respondent. ) | |
| ) | |

Pending before the Court is Petitioner Sean Edward Paulin's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 676. Upon review, the motion is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

In all three of his grounds for relief, Paulin contends that this Court lacked subject matter jurisdiction to impose sentence. It appears that Paulin seeks to argue that Congress overstepped its bounds when it sought to regulate controlled substances. However, Paulin has offered no legitimate argument to suggest that this Court lacked jurisdiction. Moreover, the Comprehensive Drug Abuse Prevention and Control Act of 1970 has been found to be a valid exercise of

Congressional power.  *See United States v. Lopez*, 459 F.2d 949, 953 (5th Cir. 1972); *United States v. Chapman*, 955 F. Supp. 781, 783 (W.D. Mich. 1997).  The Sixth Circuit has also observed that drug trafficking "always implicates interstate commercial concerns." *See United States v. Tucker*, 90 F.3d 1135, 1141 (6th Cir.1996).  Accordingly, Paulin can make no showing that this Court lacked subject matter jurisdiction over his offenses.

Paulin has failed to demonstrate any entitlement to relief.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| August 21, 2023 | /s/John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |